IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AUSTIN SAMUEL DAVIS,

        Defendant.

Case No. 26-CR-00080-SEH

## OPINION AND ORDER

Before the Court is the government's unopposed motion for a pretrial determination of Indian Country. [ECF No. 21]. For the reasons provided below, the motion is granted.

A federal grand jury charged Defendant Austin Davis with assault resulting in serious bodily injury in Indian Country. [ECF No. 2]. The government alleges Davis committed the charged crime at U.S. Highway 412 and North 41st West Avenue, Tulsa, Oklahoma. [ECF No. 21 at 1].

The government seeks a pretrial determination, as a matter of law, that U.S. Highway 412 and North 41st West Avenue, Tulsa, Oklahoma is within the boundaries of the Muscogee (Creek) Nation, and therefore within Indian Country, as defined by 18 U.S.C. § 1151(a). [ECF No. 21 at 1–2]. The defendant does not object to the government's motion. [*Id*. at 1].

"As a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site." *United States v. Roberts*, 185 F.3d 1125, 1139 (10th Cir. 1999). Therefore, a trial court "makes the jurisdictional ruling a particular tract of land or geographic area is Indian Country, and then instructs the jury to determine whether the alleged offense occurred there." *Id.*

Because the government is the party invoking the Court's jurisdiction, it bears the "burden of persuading this court by a preponderance of the evidence that the court has jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). "Indian Country" includes "all land within the limits of any Indian reservation under the jurisdiction of the United States Government." 18 U.S.C. § 1151.

The Muscogee (Creek) Nation's reservation was created by federal law. "In a series of treaties, Congress not only "solemnly guarantied" the land but also "establish[ed] boundary lines which will secure a country and permanent home to the whole Creek Nation of Indians." *McGirt v. Oklahoma*, 591 U.S. 894, 899–900 (2020). The reservation's initial boundaries were created in 1833. *See* Treaty with the Creeks, Art. II, Feb. 14, 1833, 7 Stat. 418. Following the American Civil War, the size of the reservation was reduced, and it took on the familiar shape it retains to the present day. Treaty

Between the United States and the Creek Nation of Indians, Art. III, June 14, 1866, 14 Stat. 786.

The government submits for the Court's review a link to a map of the Muscogee (Creek) Nation showing that U.S. Highway 412 and North 41st West Avenue, Tulsa, Oklahoma is located within the Muscogee (Creek) Nation's Reservation boundaries. [*See* ECF No. 21 at 1 (directing the Court to https://www.arcgis.com/apps/mapviewer/index.html?webmap=e02bccd1bc294 253a2e94567696c55fe&extent=)]. The Court finds that the government has carried its burden of showing by a preponderance of the evidence that the location of the charged events is within Indian country. A jury, however, must determine whether the alleged crime occurred at this location.

**IT IS THEREFORE ORDERED** that the government's unopposed motion for a pretrial determination of Indian Country [ECF No. 21] is GRANTED.

**DATED** this 13th day of May, 2026.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE

3